# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL PUBLIC DEFENDER, DISTRICT OF NEVADA<br>411 E. Bonneville Ave., Suite 250<br>Las Vegas, NV 89101<br><br>JAMES MICHAEL WELLS<br>Reg. No. 16800-006<br>Sheridan FCI<br>27072 Ballston Road<br>Sheridan, OR 97378<br><br>       Plaintiffs,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535<br><br>       Defendants. | Civil Action No.: _____<br><br>**Complaint for Injunctive and Declaratory Relief** |

The Federal Public Defender, District of Nevada (FPD) and James Wells, by counsel, allege:

      a.     This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 522a, for declaratory, injunctive, and other appropriate relief brought by the Plaintiffs against the United States Department of Justice and the Federal Bureau of Investigation.

b.     Plaintiffs seek to compel Defendants to comply with their obligations under FOIA and the Privacy Act to release records the FPD requested pertaining to Wells, their client.

## PARTIES

c.     The FPD is a federal defender organization in the District of Nevada and authorized by 18 U.S.C. § 3006a. The FPD's offices are located in Las Vegas and Reno, Nevada. It is headquartered at 411 E. Bonneville Ave., Suite 250, Las Vegas, NV 89101.

d.     Wells is an adult in BOP custody at the Sheridan Federal Correctional Institution, 27072 Ballston Road, Sheridan, OR 97378. He is represented by the FPD.

e.     The DOJ is an agency of the United States Government within the meaning of 5 U.S.C §§ 551 and 552(f) with possession, custody, and/or control of the records the Plaintiffs seek. It is headquartered at 950 Pennsylvania Avenue N.W., Washington, D.C. 20530.

f.     The FBI is an agency of the United States Government within the meaning of U.S.C §§ 551 and 552(f) with possession, custody, and/or control of the records the Plaintiffs seek. It is headquartered at 935 Pennsylvania Avenue, NW, Washington, D.C., 20535.

## JURISDICTION AND VENUE

g.     This Court has subject-matter jurisdiction over this action and personal jurisdiction over Defendants under 5 U.S.C. §§ 552(a)(4)(B), 552a(g), and 28 U.S.C. § 1331.

h.     Venue is proper in this district under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(g)(5).

**BACKGROUND**

i.      The United States District Court for the District of Alaska, the
Honorable Sharon L. Gleason, presiding, appointed the FPD to represent
Wells in his § 2255 proceedings.[1]

j.      Following a jury trial, Wells was convicted of two counts of first-
degree murder, two counts of murder of an officer or employee of the United
States, and two counts of possession and use of a firearm in relation to a
crime of violence.[2]  Wells was sentenced to a total of four consecutive life
terms.[3]

k.      On July 13, 2023, the FPD submitted a FOIA/Privacy Act
request seeking Wells' FBI records,[4] specifically:

1.   Any and all known records regarding, concerning, or related
to the investigation of James Michael Wells (DOB 6/24/1951).

2.   Any and all known records regarding, concerning, or related
to the murder investigation of James A. Hopkins on April 12,
2012, in Kodiak, AK.

3.   Any and all known records regarding, concerning, or related
to the murder investigation of Richard W. Belisle on April 12,
2012, in Kodiak, AK.

4.   The request included, but was not limited to, any and all
forms of communication between any official, employee, or

---

[1] *United States v. Wells*, No. 3:13-cr-00008-SLG, ECF No. 1492 (D. Alaska June 2,
2023).

[2] *Id.* ECF No. 1314 (D. Alaska Oct. 8, 2019); *id.* ECF No. 1460 (D. Alaska Apr. 22,
2021).

[3] *Id.* ECF No. 1460 (D. Alaska Apr. 22, 2021).

[4] P. Ex. 1.

3

representative of the FBI and any other individual or entity, including the FBI's Lync messaging system.

5.  The request further asked the FBI to determine whether to comply with this request within the time period required by FOIA and notify Plaintiffs immediately of its determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency or his or her designee. 5 U.S.C § 552(a)(6)(i). The request sought production of all responsive records in an electronic format (preferably "pdf"), if convenient. The request also stated Plaintiffs would accept a "rolling production" of responsive records if it will facilitate a timelier production. The request also sought a waiver of both search and duplication fees because Wells is indigent.[5]

l.      On August 17, 2023, the FBI acknowledged the request as number 1598330-001, but denied the request.[6]

m.      The FBI concluded Wells's request involved material "located in an investigative file."[7]

n.      The FBI responded that the material requested was exempt from disclosure under 5 U.S.C. § 552(b)(7)(A), because "[t]he records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records,

---

[5] P. Ex. 1.

[6] P. Ex. 2.

[7] P. Ex. 2.

and release of the information could reasonably be expected to interfere with enforcement proceedings."[8]

      o.     The FBI informed the FPD that "your request is being administratively closed," and included instructions for appeal. [9]

      p.     Wells filed a timely administrative appeal with the DOJ on November 14, 2023. The appeal asserted:

      1.    Conclusory statements and generalized claims of exemption are not enough to justify withholding records requested under FOIA. *U.S. DOJ v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 755 (1989); 5 U.S.C. § 552(a)(4)(B). In addition, FOIA exemptions—such as the 5 U.S.C. § 552(b)(7)(A) exemption claimed here—are to be construed narrowly, resolving all doubts in favor of disclosure. *Milner v. Dept. of Navy*, 562 U.S. 562, 564 (2011); *Watkins v. U.S. Bureau of Customs*, 643 F.3d 1189, 1194 (9th Cir. 2011). Under exemption 5 U.S.C. § 552(b)(7)(A), the FBI bears the burden of proving there is a pending proceeding and providing a detailed examination of how disclosure would reasonably be expected to interfere with that proceeding. *Lynch v. Dep't of Treasury*, 210 F.3d 384 (9th Cir. 2000). The burden is on the FBI to demonstrate, not the FPD to disprove, that the materials sought may be withheld due to an exemption. *U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989).

---

[8] P. Ex. 2.

[9] P. Ex. 2.

2.  Here, the FBI failed to show that the release of the requested information could reasonably be expected to cause articulable harm to a pending proceeding. *Lynch*, 210 F.3d 384 (boilerplate denials are insufficient to meet § 552(b)(7)(A)); *Wrenn v. Kemp*, No. 91-5382, 1992 WL 381060 (D.C. Cir. Dec. 2, 1992) (vacating summary judgment because agency did not sufficiently show FOIA exemption under § 552(b)(7)(A)). It is not sufficient that documents are merely related to a pending proceeding. *Kay v. F.C.C.*, 976 F. Supp. 23, 38 (D.D.C. 1997), *order aff'd*, 172 F.3d 919 (D.C. Cir. 1998). In the event the FBI does not provide the requested documents, the FPD requests the FBI produce a *Vaughn* index of considerable specificity as to the requested records that the FBI possesses but refuses to produce. *Vaughn v. Rosen*, 484 F.2d 820, 826–27 (D.C. Cir. 1973).

3.  The FPD specifically rebutted the FBI's claim that the 5 U.S.C. § 552(b)(7)(A) exemption applies. The exemption at § 552(b)(7)(A) depends on the character of the records in relation to enforcement proceedings. *Swan v. SEC*, 96 F.3d 498, 500 (D.C. Cir. 1996). Here, the government twice publicly presented its case to a jury in two jury trials, resulting in Mr. Wells's conviction on all counts. Additionally, Mr. Wells's two direct appeals are concluded. Mr. Wells's criminal case is thus final. *See United States v. Wells*, 55 F.4th 784 (9th Cir. 2022) and *United States v. Wells*, No. 20-30009, 2022 WL 17668096 (9th Cir. Dec. 14, 2022) (affirming convictions, vacating and remanding restitution), *cert. denied*, 143 S. Ct. 2682 (2023). As such, the FPD is not seeking premature access to criminal discovery, evidence, or

strategy. Section 552(b)(7)(A) no longer applies because the investigation is over, and this exemption was not intended to "endlessly protect material simply because it was in an investigatory file." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 230 (1978). And exemptions under § 552(b)(7)(A) require a government agency to show by more than conclusory statements how the particular investigatory records would interfere with a pending enforcement proceeding. *Campbell v. Dep't of Health & Human Servs.*, 682 F.2d 256, 265–66 (D.C. Cir. 1982). Here, there is no pending enforcement proceeding, and the government has made only conclusory statements that the Plaintiffs' request interferes with pending proceedings.

4. The FBI has also failed to satisfy FOIA's segregability requirements, which mandate that the FBI must release all "reasonably segregable" information. 5 U.S.C. § 552(b); *see also id.* § 552(a)(8)(A)(iii). Thus, even if a FOIA exemption applies to part of the documents requested, the FBI must release any part of the requested documents that can be reasonably segregated as nonexempt. *Greenpeace, Inc. v. Dep't of Homeland Sec.*, 311 F. Supp. 3d 110, 131–32 (D.D.C. 2018). FOIA requires that "once an agency identifies a record it deems responsive to a FOIA request, the statute compels disclosure of the responsive record—i.e., as a unit—except insofar as the agency may redact information falling within a statutory exemption." *Am. Immigration Laws. Ass'n v. Exec. Off. for Immigration Review*, 830 F.3d 667, 677 (D.C. Cir. 2016) (citing 5 U.S.C. § 552(a)(3)(A), (b)). In the event the FBI does not provide the requested documents, the FPD

7

requests the FBI provide an outline of its compliance efforts with FOIA's segregability requirements and release any segregable portions of the documents requested.

q.   In sum, the FPD requested on appeal that if the FBI does not provide the documents as originally requested, the FBI must:

1.   provide a detailed examination as to how disclosure of the requested records would reasonably be expected to interfere with a pending proceeding;

2.   produce a *Vaughn* index of considerable specificity as to what the FBI possesses but refuses to produce;

3.   provide an outline of its compliance efforts with FOIA's segregability requirements; and

4.   release of any segregable portions of the documents requested.

r.   The DOJ Office of Information Policy (DOJ-OIP) responded on November 14, 2023, informing Wells it received the administrative appeal, which had been assigned number A-2024-00348.[10]

s.   The DOJ-OIP response informed Wells that "[i]n an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt."[11] The response further stated "[w]e will notify you of the decision on your appeal as soon as we can."[12]

_____

[10] P. Ex. 4.

[11] P. Ex. 4.

[12] P. Ex. 4.

t.      Wells's deadline for filing his § 2255 motion is June 24, 2024.[13]

u.      Over 20 days have elapsed since the DOJ-OIP's receipt of the administrative appeal on November 14, 2023,[14] which is the statutory deadline for an appeal determination under 5 U.S.C. § 552(a)(6)(A)(ii).

v.      Wells has not received a decision from the DOJ-OIP regarding his administrative appeal of the FBI's FOIA denial.

### CAUSES OF ACTION

**Count 1: Violation of FOIA (5 U.S.C. § 552) for wrongful withholding of agency records (all defendants)**

A.      Plaintiffs repeat and reallege the above paragraphs.

B.      Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f)(1), 551(1).

C.      Plaintiffs properly requested records within the possession, custody, and control of the Defendants.

D.      Plaintiffs' FOIA/Privacy Act requests complied with all applicable regulations regarding the submission of FOIA/Privacy Act requests.

E.      A requestor is deemed to have exhausted its administrative remedies if the agency fails to comply with applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

F.      Plaintiffs have exhausted the applicable and available administrative remedies with respect to Defendants' processing of its FOIA/Privacy Act requests or is deemed to have exhausted them because the Defendants failed to comply with applicable time provisions.

---

[13] *See Wells v. United States*, No. 22-7674 (U.S. June 26, 2023).

[14] P. Ex. 4.

G.    Defendants have wrongfully withheld the requested records from Plaintiffs.

H.    Plaintiffs are entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents

## Claim 2: Violation of the Privacy Act for wrongful withholding of agency records (all defendants)

A.    Plaintiffs repeat and reallege the above paragraphs.

B.    Defendants are agencies subject to the Privacy Act. 5 U.S.C. § 552a(a).

C.    Plaintiffs properly requested records within the possession, custody, and control of the Defendants.

D.    Plaintiffs' FOIA/Privacy Act requests complied with all applicable regulations regarding the submission of FOIA/Privacy Act requests.

E.    Plaintiffs have exhausted the applicable and available administrative remedies with respect to Defendants' processing of its FOIA/Privacy Act requests or is deemed to have exhausted them because the Defendants failed to comply with applicable time provisions.

F.    Defendants have wrongfully withheld the requested records from Plaintiffs.

G.    Plaintiffs are entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents

## REQUESTED RELIEF

The Plaintiffs respectfully ask for the following relief:

A.     Declare Defendants' failure to comply with FOIA and the Privacy Act to be unlawful;

B.     Declare that the Plaintiffs are entitled to disclosure of the requested records;

C.     Order Defendants to immediately conduct searches reasonably calculated to identify all records responsive to the FPD's record request;

D.     Order Defendants to immediately disclose, in their entirety, unredacted copies of all records responsive to the FPD's requests that are not specifically exempt from disclosure under FOIA, including any non-identical copies of any such records;

E.     Order Defendants to immediately disclose, in their entirety, unredacted copies of all records responsive to the FPD's requests that the FPD is entitled to under the Privacy Act, including any non-identical copies of any such records;

F.     Enjoin Defendants from withholding all records or portions thereof responsive to the FPD's record requests that may not be withheld under FOIA and/or the Privacy Act;

G.     Declare that the failure of Defendants to provide a timely determination in response to the requests violates their obligations under FOIA and the Privacy Act;

H.     Award the FPD reasonable attorneys' fees and costs reasonably incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

I.     Provide such other relief as the Court may deem just and proper.

**Dated**: February 8, 2024

Respectfully submitted,

/s/ *Wendi L. Overmyer*

Wendi L. Overmyer
Ohio State Bar No. 71000
Assistant Federal Public Defender

Federal Public Defender, District of Nevada
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388–6577
wendi_overmyer@fd.org

Attorney for Plaintiffs